# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RANDY LEE WRIGHT,

       Plaintiff,        :        Case No. 3:10-cv-201
                                               Consolidated with Case No. 3:10-cv-286

                                               District Judge Timothy S. Black
      -vs-                                     Magistrate Judge Michael R. Merz

                                          :

DEE SANDY, et al.,

       Defendants.

## REPORT AND RECOMMENDATIONS

       These consolidated cases are before the Court *sua sponte* upon failure of Plaintiff to appear for a scheduled in-person preliminary pretrial conference.

       Plaintiff filed Case No. 3:10-cv-201 on May 26, 2010 (Doc. No. 1).  The Magistrate Judge completed the required § 1915 screening and allowed process to issue (Doc. No. 4).  At Plaintiff's request, the case was referred to the Volunteer Lawyers Project for screening for possible appointment of counsel and the pretrial conference was continued at Plaintiff's request to permit the screening.  However, Plaintiff failed to cooperate with the screening process (Doc. No. 35), so the stay for screening was dissolved and the case again set for pretrial conference on December 1, 2010.  In the same Order, the Court noted that Plaintiff had been released from jail but was still obligated to pay the full filing fees under the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA") and ordered that he pay at the rate of $5.00 per month.  The order for the pretrial conference required Plaintiff to participate in preparation of the Fed. R. Civ. P. 26(f) report.

On November 23, 2010, Defendants filed a Rule 26(f) report without input from Plaintiff because he had not contacted them despite a request and his telephone number of record was not in service[1]. On December 1, 2010, Plaintiff failed to appear for the in-person pretrial conference. The dockets in both of these cases reflect Plaintiff has made no payment toward the filing fee.

It is therefore respectfully recommended that the Court:

1. Find the pending motion for judgment on the pleadings (Doc. No. 38) to be moot, and

2. Dismiss both cases without prejudice for want of prosecution.

December 1, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

---

[1] Two attempts by the Magistrate Judge's judicial assistant on December 1, 2010, to reach Plaintiff at the telephone number of record were unsuccessful.